**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | |
|---|---|
| **ANDREA BEALS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Case No. 09-2022 |
| **EASTERN ILLINOIS UNIVERSITY,** ) | |
| ) | |
| **Defendant.** ) | |

# REPORT AND RECOMMENDATION

In January 2009, Plaintiff Andrea Beals filed a Complaint (#1) against Defendant Eastern Illinois University, alleging violations of federal and state law in connection with Plaintiff's employment. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff has raised claims based on federal statutes.

In March 2009, Defendant Eastern Illinois University (hereinafter "EIU") filed a Motion To Dismiss Plaintiff's Complaint (#7). Plaintiff filed a Memorandum of Law in Response to Motion To Dismiss (#10). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss Plaintiff's Complaint (**#7**) be **DENIED**.

## I. Background

The following background is taken from the complaint. At relevant times, Plaintiff worked for EIU. In July 2007, EIU passed over Plaintiff for a promotion in favor of a less qualified male employee. (#1, ¶ 7.) In addition, on multiple occasions, Plaintiff has been subjected to unequal terms and conditions of employment because of her sex. (#1, ¶ 7.) In March 2007, Plaintiff complained to EIU's Director of Civil Rights that she had been the victim of sex discrimination. (#1, ¶ 10.) As a result of her complaints of discrimination, Plaintiff suffered harassment, she was falsely accused of violating policy, and she was subjected to baseless investigations. (#1, ¶ 11.)

Plaintiff's complaint alleges two counts.  In Count I, Plaintiff alleges that Defendant EIU discriminated against her on the basis of her sex because she was passed over for a promotion and because she was subject to unequal terms and conditions of employment because of her sex.  In Count II, Plaintiff alleges that she was subject to retaliation after she complained of being the victim of sex discrimination.

## II.  Standard

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits of the claims.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true and grants all reasonable inferences in the plaintiff's favor.  *McMillan v. Collection Prof"ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a complaint).  However, the Court is not required to accept as true a legal conclusion presented as a factual allegation.  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1092 (7th Cir. 2008).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The United States Supreme Court has interpreted this language to impose two easy-to-clear hurdles:  First, the plaintiff must plead sufficient facts to give fair notice of the claim and the ground upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level'."  *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl.*, 544 U.S. at 555, 569 n.14).

## III.  Analysis

Defendant argues that the Court should dismiss the complaint because it is insufficient to provide fair notice to Defendant of Plaintiff's claims.  Specifically, Defendant contends that the complaint is inadequate because it provides a "simple formulaic recitation of labels and conclusions."  (#7, ¶ 4.)

Plaintiff responds that she has adequately pled a claim based on notice pleading standards.

The Court agrees with Plaintiff. *Bell Atlantic* did not eliminate the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations. *Bell Atl.*, 544 U.S. at 555. It is still true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). To defeat a Rule 12(b)(6) motion, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2)).

Here, Plaintiff's complaint adequately alleges claims based on sex discrimination and retaliation. At this stage in the proceedings, the Court declines to fine-tune the complaint. As the Seventh Circuit has stated, "[t]he Rules of Civil Procedure make a complaint just the starting point. Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Accordingly, the Court recommends denying Defendant's motion to dismiss for failure to state a claim.

### IV. Summary

For the reasons set forth above, this Court recommends that Defendant's Motion To Dismiss Plaintiff's Complaint **(#7)** be **DENIED**. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 5th day of May, 2009.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE